UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

CONSORZIO DEL PROSCIUTTO DI
SAN DANIELE,
   Plaintiff

     v.        C.A. No. 07-039ML

DANIELE, INC.,
   Defendant

<u>OPINION AND ORDER</u>

Mary M. Lisi, Chief United States District Court Judge.

  The defendant, Daniele, Inc. ("Daniele"), has appealed from a magistrate judge's order granting the motion by plaintiff Consorzio del Prosciutto di San Daniele (the "Consorzio") to clarify a prior court order by the magistrate regarding certain discovery motions. For the reasons stated below, the appeal is DENIED and the magistrate judge's order is AFFIRMED.

 **I. Background**

  The Consorzio is a consortium of prosciutto producers in San Daniele del Friuli, Italy[1]. Daniele is a Rhode Island corporation that began producing and distributing prosciutto and other meat products in the 1970s under the name "Daniele Prosciutto, Inc." and using the trademark DANIELE. After the United States Government removed a 30-year ban on the importation of pork products from

---

[1]

  Prosciutto is a type of dry-cured ham. San Daniele is one of several Italian regions famous for its prosciutto.

Italy in the early 1990s, the Consorzio obtained a U.S. registration of its certification mark PROSCIUTTO DI SAN DANIELE SD and resumed sales of San Daniele prosciutto in the United States. Around that time, Daniele issued a marketing brochure making certain statements regarding its locally produced prosciutto and the parties became engaged in a trademark dispute. The Consorzio alleges that Daniele attempted to create a false impression that it was affiliated with the Consorzio and that Daniele's prosciutto was approved by the Consorzio and equal to the prosciutto produced in San Daniele, Italy. Complaint ¶ 17. The gravamen of the Consorzio's complaint is that Daniele uses its DANIELE trademark to "trade on the name and good will of San Daniele and to create confusion between its 'Daniele Prosciutto' and San Daniele prosciutto." Id. ¶ 21.

The parties entered into an initial settlement agreement in August 2003 and, after Daniele filed a lawsuit in Rhode Island state court to have the settlement nullified, the parties signed a new settlement agreement on March 25, 2005 (the "Settlement Agreement"). On January 29, 2007, the Consorzio filed a complaint (the "Complaint") in this Court for (Count I) Breach of Contract; (Count II) False Designation of Origin; and (Count III) Trademark Infringement. (Doc. # 1). With respect to Count I, the Consorzio alleges that Daniele has breached certain provisions of the Settlement Agreement. Since then, the parties have engaged in

protracted and often contentious discovery proceedings.

## II. Procedural History

On March 14, 2008, the Consorzio filed a "Motion to Compel Answers to Interrogatories" (Doc. # 38) and a "Motion to Compel Request for Production of Documents" (Doc. # 39) (together, the "Discovery Motions"). On March 25, 2008, this Court conducted a pretrial conference with the parties. On April 11, 2008, the Court issued a Pretrial Order, permitting Daniele to file a motion for summary judgment with respect to Count I of the complaint. (Doc. # 40). The Pretrial Order also states that "[u]ntil the Court resolves said motion for summary judgment, further discovery shall be and hereby is stayed and Defendant need not respond presently to [the Discovery Motions]."

The parties proceeded with their filings relative to Daniele's summary judgment motion and the Court conducted a hearing on the motion on September 15, 2008, at which time Daniele's motion for summary judgment on Count I of the Complaint was denied. On the same date, the Court referred the pending Discovery motions to Magistrate Judge Martin. On September 29, 2008, in the absence of any objection by Daniele, the magistrate judge issued a text order (the "Text Order") granting both Discovery Motions.[2] On October 8,

---

[2]

The entry on the CM/ECF docket reads as follows:
TEXT ORDER granting no objection having been filed 38 Motion to Compel; granting 39 Motion to Compel. So Ordered by Magistrate Judge David L. Martin on 9/29/08. (Saucier, Martha) (Entered:

2008, the Court entered an order (1) denying Daniele's motion for summary judgment; (2) continuing the stay of discovery on Counts II and III of the Complaint; and (3) setting the close of discovery relevant to Count I of the Complaint for March 15, 2009. (Doc.# 49).

Also on October 8, 2008, Daniele filed a "Motion for Reconsideration" of the magistrate judge's Text Order, stating that it had not filed an objection to the Consorzio's motions to compel because the "discovery in question . . . relates to Counts II and III" which had been stayed by this Court. (Doc.# 50). After a hearing on November 6, 2008, the magistrate judge afforded Daniele a further opportunity to support its argument that certain of the interrogatories and requests for production did not pertain to Count I. "In all other respects," the Discovery Motions were denied and the magistrate judge ordered Daniele to comply with the Consorzio's discovery requests regarding the remaining interrogatories and documents. Order from November 7, 2008 (Doc.# 55).

Daniele then filed an additional memorandum on November 12, 2008, advancing detailed arguments with respect to the interrogatories and documents in question. (Doc.# 56). Neither this memorandum nor Daniele's Motion for Reconsideration (Doc.# 50) asserted attorney-client privilege as grounds for refusing to

_____

09/29/2008)

comply with the Consorzio's discovery requests.

On November 17, 2008, Daniele also filed an appeal with this Court of "the portion of the [magistrate judge's November 7, 2008] order finding that defendant waived the discovery objections asserted to certain interrogatories and requests for production propounded by [the Consorzio]." (Doc.# 57).   In its supporting memorandum, Daniele asserted that the order "includes a requirement that [Daniele] turn over documents that indisputably are subject to the attorney-client privilege." Mem. at 2. (Doc.# 57, Attachment 1).   Daniele also pointed out that the magistrate judge's Text Order granting the Discovery Motions was entered prior to this Court's order continuing the stay of discovery for Counts II and III and setting a new deadline for discovery related to Count I. Id. at 4.   Daniele then proceeded to specify which of the interrogatories and requested documents it considered privileged. Daniele also noted that it's initial objections to certain discovery requests were based on the attorney-client privilege. [3]

On November 18, 2008, the magistrate judge conducted a hearing regarding Daniele's additional arguments anent the Discovery motions.  The following day, the magistrate judge issued an order granting the Discovery motions with respect to interrogatory No. 16 and document requests Nos. 11, 38, and 41.  The Discovery Motions

---

[3]

It appears undisputed, however, that Daniele failed to provide a privilege log with respect to the requested information.

were denied with respect to interrogatory No. 10 and document
request Nos. 8, 9, 11, 23, 26, 27, and 28.

On December 8, 2008, this Court denied Daniele's appeal from
the magistrate judge's November 7, 2008 order. (Doc.# 63).
Following this denial, the parties proceeded with their discovery
which was extended to July 31, 2009. (Text Order February 5, 2009).
Daniele filed its own discovery motions on May 8, 2009 (Doc.## 69,
70); which the magistrate judge granted, in part, and denied, in
part, on June 11, 2009 (Doc.## 76, 77); and Daniele appealed the
magistrate judge's decision on June 18, 2009 (Doc.# 78); which this
Court denied on July 9, 2009 (Doc.# 82).

On September 16, 2009, the Consorzio filed a motion for
sanctions against Daniele in connection with the Consorzio's
deposition of I. Stephen Samuels ("Mr. Samuels") who represented
Daniele in negotiations of the Settlement Agreement. (Doc.# 87).
The Consorzio alleged that Mr. Samuels asserted the attorney-client
privilege and refused to answer questions regarding documents which
Daniele had produced as result of court orders.  When asked to
advise Mr. Samuels that privilege regarding these documents had
been waived, Daniele's counsel refused, asserting that waiver of
the privilege had not been voluntary because the documents were
produced pursuant to a court order.  The Consorzio contended that
counsel's refusal amounted to a violation of the September 29, 2008
Text Order (<u>see</u> note 2 herein) and warranted sanctions.

On December 1, 2009, the magistrate judge denied the Consorzio's motion for sanctions, on the grounds that "most courts which have considered the question have concluded that a party does not waive a claim of attorney-client privilege by complying with an order to produce documents. Second, this Court has not explicitly ruled that Daniele has waived the attorney-client privilege with respect to the documents produced." Order at 2(Doc.# 93). The order noted, however, that "to the extent that [Daniele's] Motion for Reconsideration may have sought to prevent the production of potentially privileged documents, the motion was denied." Id. at 6. The Consorzio promptly appealed the magistrate judge's order, (Doc.# 94) and this Court denied and dismissed the appeal on January 28, 2010, noting that "this latest skirmish could have been avoided had counsel simply communicated with each other before the deposition of Attorney Samuels." Memorandum and Order at 1 (Doc.# 98)

On February 18, 2010, the Consorzio requested a clarification of the Text Order "to make explicit that, for purposes of this litigation, Daniele has waived its privilege with respect to the documents which the Court ordered to be produced in that Order." Consorzio Mem. at 1 (Doc.# 103). The Consorzio contended that "Daniele had failed to establish or had waived its claim to attorney-client privilege by not producing the required privilege log." Id. at 2. The Consorzio also suggested that, with respect to

7

the Text Order, "[t]he only reasonable way to interpret an order requiring the production of privileged documents is that the privilege has been lost." <u>Id.</u> at 6. Daniele objected to the Consorzio's motion for clarification, stating that the December 1, 2009 order denying the Consorzio's motion for sanctions made it "abundantly clear" that the Text Order "did not constitute a finding of waiver of Daniele's asserted attorney-client privilege by the Court." Daniele's Obj. (Doc.# 109).

On March 19, 2010, the magistrate judge issued an order granting the Consorzio's motion for clarification. Order (Doc.# 114). The magistrate judge agreed with the Consorzio that an order requiring the production of privileged documents implies that the privilege has been lost. He also pointed out that Daniele failed to file an opposition to the motions to compel and that, in seeking a reconsideration of the Text Order, Daniele's argument was limited to asserting that the requested documents related only to Counts II and III, which had been stayed. <u>Id.</u> at 5 n.1.

On April 2, 2010, Daniele filed an appeal of the magistrate judge's order granting clarification of the Text Order, which is now before this Court. Daniele asserts that (1) the Text Order was "perfectly clear and no clarification was necessary;" (2) the clarification is "inconsistent and contrary to" the magistrate judge's order denying the Consorzio's motion for sanctions; and (3) "under the unique circumstances of this case," Daniele's failure to

8

object to the Consorzio's motion to compel did not consist a
knowing waiver of the attorney-client privilege.  Notice of Appeal
at 1 (Doc.# 118).  In response, the Consorzio maintains that the
Text Order, while not explicit on this issue,  necessarily implied
that Daniele, by failing to respond to the motion to compel, waived
its privilege.

### Standard of Review

In an appeal from a magistrate judge's order on nondispositive
matters, "[t]he district judge in the case must consider timely
objections and modify or set aside any part of the order that is
clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72 (a).
"A determination is 'clearly erroneous' when, although there is
evidence to support it, the court, after reviewing all the
evidence, is left with the definite and firm conviction that the
magistrate judge made a mistake."  Harvard Pilgrim Health Care of
New England v. Thompson, 318 F.Supp.2d 1, 6 (D.R.I. 2004)(citing
United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525,
92 L.Ed.746 (1948)).

### Discussion

It is well established that "the party who invokes the
privilege bears the burden of establishing that it applies to the
communications at issue and that it has not been waived. In re
Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348
F.3d 16, 22 (1st Cir. 2003); State of Maine v. United States Dep't

of the Interior, 298 F.3d 60, 71 (1st Cir. 2002). Although not expressly required by the Federal Rules, "'the universally accepted means' of asserting privilege claims in the federal courts" are privilege logs. In re Grand Jury Subpoena, 274 F.3d 563, 575-76 (1st Cir. 2001)(noting that "[a] party that fails to submit a privilege log is deemed to waive the underlying privilege claim"); see Corvello v. New England Gas Co., 243 F.R.D. 28, 33 (D.R.I. 2007).

Although the attorney-client privilege can be waived, either explicitly or by implication, the First Circuit has acknowledged that "[t]he concept of implied waiver of the attorney-client privilege is not well-developed in this circuit." United States v. Desir, 273 F.3d 39, 45 (1st Cir. 2001)(noting that "'[w]aiver doctrine has only a few hardedged rules; as to many permutations, it is a fluid body of precedent reflecting a variety of concerns, including an insistence on real confidentiality and limitations based on fairness.'")(quoting United States v. Billmyer, 57 F.3d 31, 37 (1st. Cir. 1995)). Because the attorney-client privilege is "highly valued", courts are advised to proceed with caution in finding implied waivers and "[c]laims of implied waiver . . . demand[] a fastidious sifting of the facts and a careful weighing of the circumstances." In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d at 23; see Adrian v. Mesirow Fin. Structured Settlements, LLC, 647 F.Supp.2d 126, 130

10

(D.P.R. 2009).

In this particular case, Daniele failed to assert and protect its attorney-client privilege on at least three occasions.

First, it is undisputed that the Consorzio requested Daniele provide a privilege log with respect to information it considered protected, but Daniele never produced such a log.

Second, Daniele was excused from responding to the Consorzio's motion to compel only until this Court rendered a decision on Daniele's motion for summary judgment regarding Count I of the Complaint.  See Pretrial Order (Doc.# 40).  Daniele's motion for summary judgment was denied on September 15, 2008, at the conclusion of a hearing on the matter.  Transcript of Hearing on Motion for Summary Judgment (Sept. 15, 2008)(Doc. #48).  On the same date, after discussing discovery matters with the parties during a bench conference, the Court referred the Discovery Motions to Magistrate Judge Martin for determination.  The referral is noted on the docket, which results in electronic notification of all parties.  CM/ECF Docket Entry from September 15, 2008.  Two weeks after this referral, the magistrate judge granted the Discovery motions, after no objections had been filed in the interim.  Although a formal order denying Daniele's motion for summary judgment and staying discovery on Counts II and III of the

Complaint was not entered until October 8, 2008,[4] it is indisputable that Daniele was informed on September 15, 2008 that its motion for summary judgment had been denied and that the Discovery Motions had been transferred to the magistrate judge.

Finally, Daniele's Motion for Reconsideration on the Text Order makes no mention of the attorney-privilege as a basis for objecting to the Discovery Motions. Instead, Daniele stated that its "meritorious objection" is based on the contention that "the discovery in question relates to . . . Counts II and III." Daniele's Memorandum (Doc.# 50). Likewise, Daniele's memorandum in support of its objection to the Discovery motion, which addresses Interrogatories Nos. 10 and 16 and Request Nos. 8, 9, 11, 23, 26, 27, 28, and 38 individually, advances the same argument that the information is not related to Count I of the Complaint.[5]

After this Court denied Daniele's appeal of the magistrate judge's order regarding the Discovery motions, Daniele was afforded an extension of time to comply with the magistrate judge's orders compelling it to produce certain documents and respond to Interrogatory 5. Text Order from February 5, 2009. The requested

-----

[4]

As Daniele conceded in its Motion for Reconsideration, (Doc.# 50), the parties "were unable to agree upon the wording of the proposed [half-page] order," resulting in the three-week delay.

[5]

With respect to Request No. 41, Daniele represented that a response had been provided.

information has since been provided to the Consorzio and has been in its possession for more than a year.  The matter would have been put to rest after Daniele's compliance with the magistrate judge's orders, but was revived at a deposition hearing when Daniele's former counsel asserted the attorney-client privilege with respect to information addressed in the magistrate judge's orders.

Although the magistrate judge, in denying the Consorzio's motion for sanctions in connection with that deposition hearing, agreed that mere compliance with an order to produce documents does not waive a claim of attorney-client privilege, such finding was not dispositive of the question of Daniele's alleged waiver. Instead, the magistrate judge declined in awarding sanctions against Daniele because no explicit finding of waiver had been made, but he also  noted that such a finding could be "inferred" from three previously issued discovery orders.  Memorandum and Order at 12-13 n.9. (Doc.#93).  Such inference, however, was deemed insufficient to impose sanctions based on an allegation that those orders had been violated.

Once it became apparent that lack of an explicit finding regarding the alleged waiver would continue to result in discovery disputes regarding the already provided documents, the magistrate judge revisited the issue and determined that Daniele had waived its privilege with respect to documents it produced in response to the Text Order.   Order (Doc.# 114).   In so concluding, the

magistrate judge pointed to Daniele's lack of timely opposition to the Discovery motions and its failure to assert the privilege in two subsequent filings. Id. at 5 n. 1.

In other words, Daniele's privilege was not lost because the information was provided pursuant to the magistrate's orders. The privilege was lost because Daniele initially failed to object to the Discovery Motions, and then twice failed to assert the privilege when afforded another opportunity to argue its objections to those motions. Moreover, it is undisputed that Daniele never produced a privilege log to support its privilege claims, highlighting further that the privilege was not sufficiently guarded.

Because the parties in this case continue to engage in discovery disputes which have thus far resulted in five separate appeals of the magistrate judge's orders (see Doc. ## 57, 78, 94, 105, 118), a clarification of the Text Order was clearly a necessity. Accordingly, the Court finds that, after carefully reviewing the record before it and considering the parties' arguments, the magistrate judge's order granting the Consorzio's motion for clarification was not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

### Conclusion

For the foregoing reasons, Magistrate Judge Martin's order granting the Consorzio's motion for clarification is AFFIRMED and

14

the appeal is DENIED and DISMISSED.


SO ORDERED:


Mary M. Lisi
Chief United States District Judge
Date: June  1   , 2010